UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ROY BLOOMFIELD,

       Petitioner,

Case No. 09-cv-11087

HONORABLE MARK A. GOLDSMITH

v.

JEFFREY WOODS,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner William Roy Bloomfield is currently on parole, having served the minimum term of a sentence of four years to seven and one-half years.[1] The sentence resulted from a Livingston County Circuit Court conviction of operating under the influence of intoxicating liquor – third offence ("OUIL 3rd"), and a subsequent parole violation. Petitioner challenges his confinement on the following grounds:

> A 35-month departure beyond the sentencing guideline's recommended minimum of 0 to 13 months for a probation violation in Livingston County is disproportionately severe and an abuse of discretion especially considering that Petitioner already served five months on tether in Livingston County and was sentenced to 16 months to five years out of the same incident that occurred in Crawford County on September 17, 2006.

Habeas Petition, Appendix A (Dkt. 1).

Respondent argues in response that the petition must be denied because the single claim in the Petition concerns only the ability of the trial court to exceed State law guidelines and is not

---

[1] Because the Petitioner is on parole, he meets the "in custody" requirement of 28 U.S.C. § 2241. Jones v. Cunningham, 371 U.S. 236, 243 (1963).

cognizable on habeas review. Because the Court agrees with Respondent, the petition will be denied.

**I. Background**

The Petitioner pled guilty on January 9, 2004 in the Livingston County Circuit Court to an OUIL 3rd violation. He was sentenced on March 8, 2004 to five years' probation with an initial jail sentence of 180 days. While serving this probation, the Petitioner had an alcohol-related, single car accident in Crawford County on or about September 17, 2006. Following the accident, the Petitioner told his Livingston County probation officer that he drank alcohol in violation of his Livingston County probation. On October 23, 2006, the Petitioner pled guilty to violating his probation by drinking alcohol while on probation and was sentenced to six months tether for drinking alcohol.

The September 2006 car accident also resulted in the Petitioner being charged in Crawford County with OUIL 3rd. The Petitioner went to trial in Crawford County, lost, and was sentenced in Crawford County on October 1, 2007 to 16 months to 5 years imprisonment. After this conviction, the Petitioner was again charged, on November 8, 2007, with violating his probation for the Livingston County OUIL 3rd charge, this time based on his Crawford County conviction for OUIL. On November 14, 2007, the Petitioner pled guilty to violating his Livingston County probation by being convicted of OUIL in Crawford County, and was sentenced to 4 to 7.5 years imprisonment on the original 2004 OUIL 3rd conviction. This sentence was an upward departure from the guidelines' sentence of 0 to 13 months imprisonment. The trial court's stated reasons for the upward departure were that the Petitioner violated his probation and posed a danger to the public.

The Petitioner filed, through counsel, a delayed application for leave to appeal. In this application for leave to appeal, the Petitioner asserted the same grounds for relief asserted in the present habeas petition, that the trial court abused its discretion in upwardly departing from the state

sentencing guidelines. The Michigan Court of Appeals denied the delayed application "for lack of merit in the grounds presented." People v. Bloomfield, No. 286166 (Mich. App. July 30, 2008). The Petitioner then filed with the Michigan Supreme Court a pro se application for leave to appeal, raising the same grounds for relief raised with the appellate court. The Michigan Supreme Court denied leave to appeal on November 25, 2008 on the grounds that the court was not persuaded that the question presented should be reviewed by that court. People v. Bloomfield, 757 N.W.2d 475 (2008).

The Petitioner timely filed his federal habeas petition on March 25, 2009.

**II. Discussion**

Federal habeas corpus relief is not available for claimed errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Instead, a federal habeas court reviewing a state court conviction and sentence is limited to deciding whether the conviction or sentence violated the Constitution, laws, or treaties of the United States. Id. at 68. Therefore, a claim that a trial court improperly departed from state sentencing guidelines presents an issue of state law only and is not cognizable on federal habeas review. Cheatham v. Hosey, No. 93-1319, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993). Petitioner's sole claim for habeas relief is that the state trial court exceeded the applicable sentencing guidelines in resentencing him to four to seven and one half years for his OUIL 3rd conviction following his parole violation. He does not assert that the sentence violated the Constitution, laws, or treaties of the United States. Accordingly, Petitioner's habeas claim is non-cognizable.

To the extent that the Court interprets the Petitioner's claim to be that his sentence violates the Constitution's prohibition of cruel and unusual punishment contained in the Eighth Amendment, the Petition fails to state a claim for habeas relief. Generally, a sentence within the maximum set by a statute does not constitute cruel and unusual punishment. Austin v. Jackson, 213 F.3d 298, 302 (6th

3

Cir. 2000). Because Petitioner does not assert that his sentence was beyond that authorized by the applicable statute, Petitioner cannot sustain an Eighth Amendment claim. Furthermore, although unconstitutionality may be found where a sentence is grossly disproportionate to the offence for which it is imposed, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 77 (2003). In Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court found that it does not violate the Eighth Amendment for a state to sentence a three-time offender to life in prison with the possibility of parole, where the offender's offences were all non-violent property crimes with little monetary value. In Lockyer, 538 U.S., the Supreme Court held that a state court decision upholding two consecutive terms of 25 years to life for stealing approximately $150 in videotapes did not unreasonably apply Rummel. Applying Supreme Court precedent to the instant case, the four-year minimum sentence imposed in Petitioner's case for his third conviction for operating a vehicle under the influence is not so grossly disproportionate to the crime as to violate the federal Constitution.

### III. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A)-(B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted).

In this case, the Court finds that jurists of reason would not debate the conclusion that the Petitioner has failed to establish an entitlement to habeas relief. The Court thus declines to issue a certificate of appealability.

**IV. Conclusion**

For the reasons stated above, it is ordered that the Petition for Writ of Habeas Corpus is denied.

It is further ordered that the Court declines to issue a certificate of appealability.

SO ORDERED.

Dated:  October 28, 2011                             s/Mark A. Goldsmith
    Flint, Michigan                                    MARK A. GOLDSMITH
                                                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2011.

                                                     s/Deborah J. Goltz
                                                     DEBORAH J. GOLTZ
                                                     Case Manager